**Evelyn J. JOHNSON, Plaintiff,**

v.

**S. A. FRALEY, Jr., et al., Defendants.**

**Civ. A. No. 71–C–51–A.**

United States District Court,
W. D. Virginia,
Abingdon, Division.

May 21, 1971.

**472**

James P. Jones, Abingdon, Va., A. C. Epps and Michael L. Soffin, Richmond, Va., for plaintiff.

Robert T. Winston, Jr., Norton, Va., Brantley B. Griffith, Griffith, Bondurant &. Owens, Lebanon, Va., for defendants.

## OPINION

WIDENER, District Judge.

This action is alleged to have arisen under 42 U.S.C.A. § 1983, which provides for redress of deprivation, under color of state law, of rights, privileges and immunities secured by the Constitution of the United States. Jurisdiction of such actions is authorized by 28 U.S. C.A. § 1343.

According to the complaint herein, defendants Fraley, Gilmer, and Taylor constitute the entire County School Board of Russell. County, Virginia. It is alleged that plaintiff, Mrs. Evelyn Johnson, was employed under one-year contracts as a teacher·in the Russell County public school system from 1942 until 1970. On April 13, 1970, or thereabouts, Mrs. Johnson received a letter from defendant Levicki, division superintendent of Russell County Public Schools, notifying her that she would not be reappointed to teach in the Russell County school system during the 1970–71 school term. The complaint avers that this failure to renew plaintiff's contract was arbitrary and evidenced a willful and wanton disregard of her rights; that defendants have, at no time, furnished plaintiff a written or verbal statement of reasons for non-renewal of her contract; that plaintiff has never been notified of nor afforded an opportunity for a hearing before the County School Board, which she alleges she was entitled to under the written personnel policy of the School Board, at which she could respond to such reasons, confront her "accusers" and submit relevant evidence on her behalf; that defendants, by their remarks to plaintiff and her friends, induced plaintiff to believe that she would receive some type of teaching position for the 1970–71 school year in spite of the notice of non-renewal, and that plaintiff did not realize until early 1971 that this expectation would not materialize; and that the failure to renew plaintiff's contract has irreparably damaged her professional reputation and impaired her ability to earn a livelihood. It is further claimed that the foregoing action on the part of the defendants was in breach of the County School Board's own personnel policy and deprived plaintiff of due process of law in violation of the Fourteenth Amendment to the Constitution. United States Constitution, Amendment XIV. The court is alleged to have jurisdiction of the state claims under the pendent jurisdiction theory. United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

The relief prayed for in the complaint is an order requiring the County School Board to reinstate plaintiff in her teaching position, $25,000.00 in compensatory damages, and $50,000.00 in punitive damages.

The defendants admit in their answer that the letter from Mr. Levicki was sent to Mrs. Johnson and that no written statement of the reasons for non-renewal of her contract was furnished her. They specifically deny that plainfiff has received no verbal notice of such reasons, averring that one Omer Elkins, Director of Instruction, advised plain-

tiff, both before and after notice of the non-renewal, of the reasons therefor and of her rights and remedies. It is also alleged that Mrs. Johnson has never requested a hearing on the matter of the non-renewal. The defendants deny that the County School Board was operating under the personnel policy alleged to have been breached, but rather under applicable Virginia statutes. They urge that, in any event, their action has deprived plaintiff of no right, privilege or immunity secured to her by the Constitution, and that her complaint fails to state a claim upon which relief may be granted. The defendants additionally claim that plaintiff's suit is barred by the statute of limitations in that it was filed more than one year after the alleged cause of action accrued.

The averment by the defendants that plaintiff has been deprived of no right, privilege or immunity secured by the Constitution being a plea to this court's jurisdiction, see 28 U.S.C.A. § 1343(3), the attorneys for the parties have, in response to the court's request, submitted authorities regarding the jurisdictional aspects of the case. Particular requests were: How is this a violation of her civil rights? Or, in particular, which civil right has been violated?

The defendants take the position that plaintiff, since she is a non-tenure teacher, has no inherent right to renewal of her yearly contract, and that there is no constitutional requirement that their action in failing to re-employ her be attended by the elements of due process of law. They urge that plaintiff has a constitutional right to protection only against action based upon impermissible constitutional grounds, such as race, assertion of free speech, or other rights guaranteed by law or the Constitution. Since, the defendants contend, there is no claim that the County School Board's action was so based, plaintiff's complaint fails to allege a deprivation of her civil rights.

Plaintiff contends, in response to the court's request, that her invocation of the court's jurisdiction:

" * * * is based upon a steadily growing body of case law which holds that a non-tenured public school teacher has *substantive Fourteenth Amendment protection against arbitrary termination and is entitled to pretermination procedural due process, even when the alleged ground of termination is not in itself an attempt to abridge some other substantive constitutional right*—such as free speech— which the government is forbidden to deny or abridge even when it acts as employer." (Emphasis supplied).

The lists of authorities tendered by the parties herein tend to support each respective position on the question of whether plaintiff's complaint presents an issue cognizable under 28 U.S.C.A. § 1343. Compare, e. g., Jones v. Hopper, 410 F.2d 1323 (10th Cir. 1969), and Freeman v. Gould School District, 405 F.2d 1153 (8th Cir. 1969), with Roth v. Board of Regents of State Colleges, 310 F.Supp. 972 (W.D.Wis.1970), and Gouge v. Joint School District No. 1, 310 F. Supp. 984 (W.D.Wis.1970). Be that as it may, the court finds the question to be controlled by the recent decision in Kirker v. Moore, 436 F.2d 423 (4th Cir. 1971), aff'g *per curiam* 308 F.Supp. 615 (S.D.W.Va.1970).

In *Kirker*, non-tenured employees of the West Virginia State Road Commission sought relief under 42 U.S.C.A. § 1983, contesting their summary discharge following their initiation of a work stoppage. As in the instant case, plaintiffs there claimed that their discharge without formal notice and without a hearing upon the reasons for termination of their employment was in disregard of their rights to procedural due process. The District Court ruled that plaintiffs' employment by the State was not protected by the due process clause and that no federal constitutional rights of the discharged employees had been violated. The court concluded, *inter alia,* that it lacked jurisdiction, and dismissed the complaint. The Court of

Appeals affirmed, stating in a *per curiam* opinion:

"* * * [w]e are persuaded that the defendants were entitled to discharge the plaintiffs for any reason other than for their exercise of constitutionally protected rights, and that there was no requirement that any administrative hearing be held * * *." 436 F.2d 423.

This court finds the principle asserted in the claim pressed by plaintiff in the instant case indistinguishable from that disposed of in *Kirker*. The complaint must therefore be dismissed, however, without prejudice to any right of action which plaintiff may have under State law or under her contract of employment which she may assert in another forum.

To summarize: The court considers this to be a dispute between a Virginia plaintiff against a Virginia school board over the termination, or non-renewal, of a contract of employment. The only federally protected right plaintiff claims to be violated by the defendant is "substantive * * * and pretermination procedural due process," in other words, protection against discharge except for cause and an administrative hearing prior to termination of employment. The plaintiff disavows the violation of any other federally protected right by the defendants. Since the court is of opinion that, under *Kirker*, the plaintiff is not protected against discharge except for cause and is not entitled to a pretermination administrative hearing prior to non-renewal of her contract, she has not stated a federal cause of action, and the court is of opinion that it is without jurisdiction. Whether she may be entitled to such hearing under the personnel policy of the School Board or under State law is of no moment. Since there is no colorable federal claim, there is no pendent jurisdiction of State claims asserted in the complaint. Wright on Federal Courts, p. 57.

An order is this day entered dismissing the complaint, without prejudice, for want of jurisdiction, consistent with this opinion.